RAMÓN A. RAMÍREZ FUENTES ET AL., Plaintiffs and Appellees, *v.* CONSUELO CAMUÑAS BIRD, Defendant and Appellant.

No. 5654. Argued March 11, 1932.—Decided November 28, 1932.

*E. H. F. Dottin* for appellant. *S. Medina* for appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The complaint herein was filed by R. A. Ramírez and Carmen Ramírez to enforce a homestead claim. It was alleged that the plaintiffs are of full age, respectively a widower and

a single woman; that the defendant is of legal age and a property owner; that until May 28, 1928, the plaintiffs were the owners of a lot with a two-story frame house thereon which is described; that they lived in said property as owners thereof since the time the house was constructed and continuously thereafter for eight years until June 1, 1928, when they vacated the same by virtue of judicial process; that neither before that date nor at any time thereafter had they owned any other properties; that their constant and express wish had always been and is to have their homestead in said property, to the value of $500, in conformity with the Act of 1903 on the subject; that the house and lot were attached by the defendant in a suit brought against them for a money judgment, and that the property was adjudicated to defendant at public auction in satisfaction of the judgment rendered in said suit; that the defendant owes to them as their homestead right the sum of $500, wherefore they demanded judgment for that amount against the defendant, with costs. The complaint was verified.

The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. A day was set for the hearing of the demurrer, but the defendant failed to appear and the court overruled the same.

The defendant answered. She admitted all the facts alleged with regard to the ownership of the property by the plaintiffs, the suit brought against them for the recovery of a money judgment, and the adjudication of the property in satisfaction of the judgment; and denied the other allegations. She admitted that the plaintiffs lived in the upper floor of the house at the time the judgment was executed, and that they vacated the premises when requested to do so, but without protest. She set up as a defense that she had been informed that the plaintiffs borrowed from the Banco Popular $1,500 to be used in the construction of the second story of the house, but being unable to repay the principal

and the interest, they borrowed for that purpose from the defendant the sum of $1,700, which was the amount claimed by the defendant in said suit. As an additional defense she alleged that the plaintiffs finding themselves in financial difficulties, begged of her to allow them to segregate from the property and to sell to the municipality a strip of land with an area of 48 square meters and the defendant acquiesced and canceled the mortgage she had over that strip of land as security for her credit; and that the plaintiffs received $240 as the purchase price. That the property involved herein was sold at public auction in a suit brought to recover $1,700 as principal, interest, and costs, and was awarded to the defendant for $900, as neither the plaintiffs nor any bidder improved her offer. As a final defense the defendant set up that the plaintiffs have no homestead right in said property nor did the house meet the conditions required by the law, as on the date the loan was made the lower floor thereof was used for a business establishment.

At this stage of the proceedings, the trial was set for June 11, 1930. The plaintiffs appeared, but the defendant failed to do so and the former introduced their evidence. The defendant moved that the trial be set aside and alleged reasons tending to justify her failure to appear. The court overruled this motion, but it gave the defendant an opportunity to introduce her evidence.

The case was finally submitted to the decision of the court and judgment was rendered against the defendant. After a careful examination of the record and the briefs, we are of the opinion that the judgment appealed from can not be affirmed. In our view, the complaint does not state facts sufficient to constitute a cause of action. The trial court itself admits this, but it states that when the pleading was filed, the evidence regarding the status of the plaintiff as the head of a family had already been introduced.

As already stated, the demurrer was duly filed, and the mere fact of the failure on the part of the defendant to appear

was not enough to overrule the same. It should have been sustained. But granting that the plaintiffs were entitled to amend their complaint, as they did in fact when they introduced their evidence, and taking as a basis the complaint aided by the evidence, even so, we are of the opinion that after weighing all the attendant circumstances, the complaint can not stand.

We accept the jurisprudence cited by the trial judge in its opinion: 13 R.C.L. 552 (12). It would be decisive in a proper case, but not in the one at bar. If the evidence is examined, it will be found to be strong indeed to the effect that the money borrowed from the defendant was directly or indirectly used in finishing and improving the house in question. As confirming this, see the testimony of the plaintiff, Ramírez, given at the trial when examined by the defendant:

"Q. When you mortgaged the property to the Bank, how was the house, did it have one or two stories?—A. A single story when I mortgaged it to the Bank.—Q. And the second story, was it built by you after borrowing the money from the Bank?—A. After borrowing the money from the Bank and before giving the mortgage to Miss Camuñas.—Q. With what money, then, did you build the second story of the house?—A. I am going to state now; it is a secret, but I am going to say it now. My wife was very economical and after she died, while I was looking for a key that had been lost there was a small drawer and I began to search in it and found $500 that my wife had saved; with these $500 and $250 more than I had, we built the second story, right after her death.—Q. After you borrowed the money from the Bank?—A. Yes, sir.—Q. And you did not spend a single cent out of the bank loan in the house?—A. Yes, I had to use part of it in rebuilding the fence that was worn and weather-beaten and had to build a partition wall for the drugstore and to pay other expenses on the house in which I incurred.—Q. So that when you borrowed the $1,500 from the Bank it was not for the purpose of building the second story of the house? You did not borrow that $1,500 from the Bank in order to build the second story of the house; is that correct?—A. I borrowed it in order to pay Mr. Rodríguez the $1,200 due on the mortgage.—Q. And the $1,200

borrowed from Mr. Rodríguez, under the mortgage; for what purpose was that?—A. That was the first money I invested in the house. —Q. Did you use the $1,200 borrowed from Rodríguez to build the house?—A. Not to build it; to improve it, because when I bought it, its construction had already begun. It had the floor, the roof and three inside partitions; and after that I continued its construction. The $1,200 borrowed from Rodríguez were expended by me on the house.—Q. In finishing the first story?—A. In finishing everything necessary in order to live in the house.''

This being so, we have that the first $1,200 that was borrowed had been used in the house, in finishing the first floor; the $1,500 borrowed later from the Bank was used in paying the $1,200 that was owed, in rebuilding the fence, ''in erecting a partition wall for the drugstore,'' and ''in defraying other expenses incurred on account of the house''; and the $1,700 borrowed from the defendant was used to pay the $1,500 to the Bank.

At least on the sum of $1,500 used in improving the house no homestead exemption can be claimed, in accordance with the provisions of section 1 of the Law creating such right, Comp. Stat., 1911, p. 213, and as the remaining $200 are more than duly compensated by the $240 that plaintiffs received by virtue of the sale of the strip of land that they sold to the municipality, their claim does not lie either at law or in equity.

Other circumstances concur that might be invoked to support the above conclusion, but what has been said is enough.

The judgment appealed from will be reversed and another rendered instead dismissing the complaint, without special pronouncement of costs.

Mr. Justice Hutchison concurs in the result.

Mr. Justice Córdova Dávila took no part in the decision of this case.